UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 JUN 26 AM 10: 27

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Alejandro TAPIA-Tena AKA: Alejandro TAPIA-Pena** Defendant. | Magistrate Case No. '08 MJ 1963 COMPLAINT FOR VIOLATION OF Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |

DEPUTY

The undersigned complainant being duly sworn states:

On or about **June 25, 2008**, within the Southern District of California, defendant **Alejandro TAPIA-Tena AKA: Alejandro TAPIA-Pena**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this **26TH** day of **June, 2008.**

UNITED STATES MAGISTRATE JUDGE

FN

**PROBABLE CAUSE STATEMENT**

On June 25, 2008 at approximately 9:42 p.m., **Alejandro TAPIA-Tena AKA: Alejandro TAPIA-Pena (Defendant)** attempted to enter the United States through the San Ysidro, California Port of Entry as one of nine undocumented aliens found concealed in the rear cargo area of a 1993 Mercury Villager Van driven by Alfredo Castro Madrid. A United States Customs and Border Protection (CBP) discovered Defendant during primary inspection. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, Defendant was queried by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant was also linked to FBI and Immigration Service records.

Immigration Service records checks, including the Deportable Alien Control System (DACS) identified Defendant as a deported alien. DACS information indicates that on or about June 20, 2008 Defendant was administratively ordered removed from the United States and was physically removed to Mexico via the Calexico Port of Entry on the same date. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to legally re-enter the United States.

Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. Defendant admitted he is a citizen of Mexico without legal documents to enter the United States. Defendant admitted he was previously removed from the United States on June 20, 2008. Defendant admitted he made arrangements to be smuggled into the United States and was going to Santa Maria to resume residency.