KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5767

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08cr2425 BTM |
| Plaintiff, | ) | DATE: August 29, 2008<br>TIME: 1:30 pm |
| v. | ) | |
| ALEJANDRO TAPIA-TENA, | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO<br>(1) COMPEL DISCOVERY AND PRESERVE EVIDENCE<br>Together with Statement of Facts, Points and Authorities, and Government's Motion for Reciprocal Discovery |
| Defendant. | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its response and opposition to defendant's above-referenced motion. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery.

**I.**

**STATEMENT OF FACTS**

On June 25, 2008, defendant ALEJANDRO TAPIA-TENA WAS one of nine undocumented aliens found concealed in the rear cargo area of a 1993 Mercury Villager van being driven into the United States from Mexico

by one Alfredo Castro Madrid. As set forth in Exhibit 1, the defendant was ordered removed from United States through an Administrative Order issued on May 13, 2008. The defendant was physically removed from the United States on June 20, 2008, five days before his attempted reentry.

**II.**

**POINTS AND AUTHORITIES**

**A. DEFENDANT'S MOTION TO COMPEL DISCOVERY MAY BE GRANTED IN PART**

The Government will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. The Government has already provided 44 pages and a CD of discovery, and will be providing A-file documents to the defendant prior to the hearing on the motions.

The following is the Government's response to Defendant's various discovery requests:

1. Governmental Reports

The United States has provided reports relating to the defendant's arrest. As noted above, A-file documents will be provided to the defendant immediately, and the United States is prepared to conduct an A-file review in whatever manner the Court deems appropriate.

2. List and Addresses of Witnesses

The Government will provide defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir.1992); United States v. Culter, 806 F.2d 933, 936 (9th

Cir.1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir.1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v.Hicks, 103 F.3d 837, 841 (9th Cir.1996); United States v. Thompson, 493 F.2d 305, 309 (9th Cir.1977), cert. denied, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

3. All statements made by the defendant and witnesses

The Government has provided the Defendant with reports. Relevant oral statements of Defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery. There may be "statements" in the A-File, which, as noted, will be reviewed or produced or whatever is the Order of this court.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

With regard to statements of witnesses, the Government will comply with its obligation pursuant to the Jencks Act.

4. Tangible Objects

The Government will provide copies of and/or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from

Defendant.

The Government will try to preserve all evidence to which Defendant is entitled, but objects to any global request for preservation of all evidence as contrary to Arizona v. Youngblood, 488 U.S. 51, 57 (1988) (improper and unwise to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution").

5. Brady Material

The Government will comply with its obligation under Brady v. Maryland, 373 U.S. 83 (1963). Additionally, the Government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972). The Government will also provide the criminal history and prior material acts of misconduct, if any, of its trial witnesses as mandated in Giglio. The Government also agrees to provide information related to the bias, prejudice or other motivation of Government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959). In addition, the Government will disclose all impeachment material, if any, when it files its trial memorandum, although it is not required to produce such material until after its witnesses have testified at trial. United States v. Bramble, 103 F.3d 1475 (9th Cir.1996).

5a. Personnel Files

The Government will review the requested personnel files of all federal law enforcement individuals who will be called as witnesses in this case for Brady material. The Government will request that counsel for the appropriate federal agency conduct such review. See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

Pursuant to United States v. Henthorn, 931 F.2d 29(9th Cir.1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir.1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality ..." Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

6. Grand Jury Transcripts

The defendant has requested that the Government produce grand jury transcripts of relevant witnesses. As of this moment, there are no percipient witnesses to this case who testified before the Grand Jury. This request should be denied.

7. Evidence which would arguably be the subject of a Motion to Suppress

The Government will make full disclosure of the evidence in this case.

8. Expert Witness

The Government will comply with its obligation under F.C.R.P. 16(a)(1)(D). There is a strong likelihood that the United States will be calling a fingerprint examiner, either Lisa DiMeo or David Beers.

**III.**

**THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED**

The Government moves for all discovery to which it is entitled under Fed. R. Crim. P. 16(b) and 26.2.

**IV.**

CONCLUSION

For the above stated reasons, the Government respectfully

requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

DATED: August 24, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Anne Perry
Anne Kristina Perry
Assistant U.S. Attorney
anne.perry2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRO TAPIA-TENA,<br>Defendant. | ) | Case No. 08cr2425 BTM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Anne Kristina Perry, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response in Opposition to Defendant's Motion to Compel Discovery on BRIAN FUNK, Esq., by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies him

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2008

s/Anne Perry
ANNE KRISTINA PERRY
Assistant U.S. Attorney
Anne.Perry2@usdoj.gov

# EXHIBIT 1

# Final Administrative Removal Order

**In removal proceedings under section 238(b) of the Immigration and Nationality Act**

Event No: ECC0805000054

File Number A095730585
Date May 13, 2008

To: Alejandro TAPIA-Pena

Address: CALIPATRIA STATE PRISON 7018 BLAIR RD CALIPATRIA IMPERIAL CA UNITED STATES 92233
(Number, Street, City, State and ZIP Code)

Telephone: (760)348-7338
(Area Code and Phone Number)

## ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Officer of the Department of Homeland Security, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you are not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined in section 101(a)(43)( B ) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1101(a)(43)( B ), and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Secretary of Homeland Security, and in me as the Secretary's delegate under the laws of the United States, I find you deportable as charged and order that you be removed from the United States to:

MEXICO

or to any alternate country prescribed in section 241 of the Act.

JOEL MATA JR
(Signature of Authorized Official)

(A) ASSISTANT FIELD OFFICE DIRECTOR
(Title of Official)

MAY 2 3 2008 Imperial, CA
(Date and Office Location)

## Certificate of Service

I served this FINAL ADMINISTRATIVE REMOVAL ORDER upon the above named individual.

5/28/08 0829 CALIPATRIA, CALIFORNIA PERSONAL
(Date, Time, Place and Manner of Service)

CHRISTOPHER S. HORTON
IMMIGRATION ENFORCEMENT AGENT
(Signature and Title of Officer)

# Notice of Intent to Issue a Final Administrative Removal Order

**In removal proceedings under section 238(b) of the Immigration and Nationality Act**

Event No: ECC0805000054
File Number A095730585

To: Alejandro TAPIA-Pena

Address: CALIPATRIA STATE PRISON 7018 BLAIR RD CALIPATRIA IMPERIAL CA UNITED STATES 92233
(Number, Street, City, State and ZIP Code)

Telephone: (760) 348-7338
(Area Code and Phone Number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1228(b), the Department of Homeland Security (Department) has determined that you are amenable to administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of MEXICO and a citizen of MEXICO
3. You entered the United States (at)(near) Calexico, California on or about March 1,2001
4. At that time you entered without inspection
5. You are not lawfully admitted for permanent residence.
6. You were, on ________, convicted in the SEE I-831 Court ________ for the offense of ________ in violation of ________ for which the term of imprisonment imposed was ________

**Charge:**
You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)( B ) of the Act, 8 U.S.C. 1101(a)(43)( B ).

Based upon section 238(b) of the Act, 8 U.S.C. 1228(b), the Department is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

**Your Rights and Responsibilities:**
You may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you may contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Department address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). **The Department must RECEIVE your response within that time period.**

In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Department will honor only to the extent permitted under section 241of the Act, 8 U.S.C. 1231); and/or, if you fear persecution in any specific country or countries on account of race, religion, nationality, membership in a particular social group, or political opinion or, if you fear torture in any specific country or countries, you may request withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. 1231(b)(3), or withholding/deferral of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you would be persecuted or tortured, but would not prevent your removal to a safe third country.

You have the right to remain in the United States for 14 calendar days so that you may file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals as provided for in section 242 of the Act, 8 U.S.C. 1252. You may waive your right to remain in the United States for this 14-day period. If you do not file a petition for review within this 14-day period, you will still be allowed to file a petition from outside of the United States so long as that petition is filed with the appropriate U.S. Circuit Court of Appeals within 30 calendar days of the date of your final order of removal.

RONNIE BATLEY - SDDO
(Signature and Title of Issuing Officer)

Calipatria, California
(City and State of Issuance)

05/22/08 @ 400PM
(Date and Time)



Form I-851 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form I851

| Alien's Name | File Number | Date |
|---|---|---|
| Alejandro TAPIA-Pena | A095730585<br>Event No: ECC0805000054 | May 13, 2008 |

Custom #6
---------
You were, on 06/28/2007, convicted in the California Superior Court County of Santa Barbara for the offense of, Possession for Sale of a Controlled Substance to wit, Methamphetamine in violation of Section 11378 of the California Health and Safety Code for which the term of imprisonment was 1 years 4 months.

| Signature | Title |
|---|---|
| RONNIE BAILEY | SDDO |

3 of 3 Pages

## Certificate of Service

I served this Notice of Intent. I have determined that the person served with this document is the individual named on the other side of the form. CSHt

CHRISTOPHER S. HORTON - IMMIGRATION ENFORCEMENT AGENT (Signature and Title of Officer)

5-22-08 0945 Personal (Date and Manner of Service)

I explained and/or served this Notice of Intent to the alien in the ENGLISH SPANISH language.

CHRISTOPHER S. HORTON (Name of interpreter)

CSHt (Signature of interpreter)

Location/Employer: Calipatria, California

**I Acknowledge that I Have Received this Notice of Intent to Issue a Final Administrative Removal Order.**

Alejandro Peña (Signature of Respondent)

5-22-08 0945 (Date and Time)

☐ The alien refused to acknowledge receipt of this document.

(Signature and Title of Officer)

(Date and Time)

### ☐ I Wish to Contest and/or to Request Withholding of Removal

☐ I contest my deportability because: *(Attach any supporting documentation)*

- ☐ I am a citizen or national of the United States.
- ☐ I am a lawful permanent resident of the United States.
- ☐ I was not convicted of the criminal offense described in allegation number 6 above.
- ☐ I am attaching documents in support of my rebuttal and request for further review.

☐ I request withholding or deferral of removal to ______________________ [Name of Country or Countries]:

- ☐ Under section 241(b)(3) of the Act, 8 U.S.C. 1231(b)(3), because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.
- ☐ Under the Convention Against Torture, because I fear torture in that country or those countries.

(Signature of Respondent) (Printed Name of Respondent) (Date and Time)

### ☒ I Do Not Wish to Contest and/or to Request Withholding of Removal

☒ I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico

☒ I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right.

| | | |
|---|---|---|
| Alejandro Peña | Alejandro Peña | 5-22-08 0945 |
| (Signature of Respondent) | (Printed Name of Respondent) | (Date and Time) |
| CSHt | Christopher S Horton | 5-22-08 0945 |
| (Signature of Witness) | (Printed Name of Witness) | (Date and Time) |

**RETURN THIS FORM TO:**
**Department Of Homeland Security**

DHS/ICE
7018 BLAIR RD
CALIPATRIA, CALIFORNIA

**ATTENTION:** **The Department office at the above address must RECEIVE your response within 10 calendar days from the date of service of this Notice of Intent (13 calendar days if service is by mail).**

