KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5767

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRO TAPIA-TENA,<br>Defendant. | Criminal No. 08cr2425 BTM<br>DATE: August 29, 2008<br>TIME: 1:30 pm<br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO<br>(1) COMPEL DISCOVERY AND PRESERVE EVIDENCE<br>Together with Statement of Facts, Points and Authorities, and Government's Motion for Reciprocal Discovery |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its response and opposition to defendant's above-referenced motion. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery.

## I.

## STATEMENT OF FACTS

On June 25, 2008, defendant ALEJANDRO TAPIA-TENA WAS one of nine undocumented aliens found concealed in the rear cargo area of a 1993 Mercury Villager van being driven into the United States from Mexico

by one Alfredo Castro Madrid. As set forth in Exhibit 1, the defendant was ordered removed from United States through an Administrative Order issued on May 13, 2008. The defendant was physically removed from the United States on June 20, 2008, five days before his attempted reentry.

## II.

## POINTS AND AUTHORITIES

### A. DEFENDANT'S MOTION TO COMPEL DISCOVERY MAY BE GRANTED IN PART

The Government will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. The Government has already provided 44 pages and a CD of discovery, and will be providing A-file documents to the defendant prior to the hearing on the motions.

The following is the Government's response to Defendant's various discovery requests:

1. Governmental Reports

The United States has provided reports relating to the defendant's arrest. As noted above, A-file documents will be provided to the defendant immediately, and the United States is prepared to conduct an A-file review in whatever manner the Court deems appropriate.

2. List and Addresses of Witnesses

The Government will provide defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir.1992); United States v. Culter, 806 F.2d 933, 936 (9th

Cir.1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir.1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v.Hicks, 103 F.3d 837, 841 (9th Cir.1996); United States v. Thompson, 493 F.2d 305, 309 (9th Cir.1977), cert. denied, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

3. All statements made by the defendant and witnesses

The Government has provided the Defendant with reports. Relevant oral statements of Defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery. There may be "statements" in the A-File, which, as noted, will be reviewed or produced or whatever is the Order of this court.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

With regard to statements of witnesses, the Government will comply with its obligation pursuant to the Jencks Act.

4. Tangible Objects

The Government will provide copies of and/or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from

Defendant.

The Government will try to preserve all evidence to which Defendant is entitled, but objects to any global request for preservation of all evidence as contrary to Arizona v. Youngblood, 488 U.S. 51, 57 (1988) (improper and unwise to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution").

5. Brady Material

The Government will comply with its obligation under Brady v. Maryland, 373 U.S. 83 (1963). Additionally, the Government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972). The Government will also provide the criminal history and prior material acts of misconduct, if any, of its trial witnesses as mandated in Giglio. The Government also agrees to provide information related to the bias, prejudice or other motivation of Government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959). In addition, the Government will disclose all impeachment material, if any, when it files its trial memorandum, although it is not required to produce such material until after its witnesses have testified at trial. United States v. Bramble, 103 F.3d 1475 (9th Cir.1996).

5a. Personnel Files

The Government will review the requested personnel files of all federal law enforcement individuals who will be called as witnesses in this case for Brady material. The Government will request that counsel for the appropriate federal agency conduct such review. See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

Pursuant to United States v. Henthorn, 931 F.2d 29(9th Cir.1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir.1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality ..." Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

6. Grand Jury Transcripts

The defendant has requested that the Government produce grand jury transcripts of relevant witnesses. As of this moment, there are no percipient witnesses to this case who testified before the Grand Jury. This request should be denied.

7. Evidence which would arguably be the subject of a Motion to Suppress

The Government will make full disclosure of the evidence in this case.

8. Expert Witness

The Government will comply with its obligation under F.C.R.P. 16(a)(1)(D). There is a strong likelihood that the United States will be calling a fingerprint examiner, either Lisa DiMeo or David Beers.

## III.

## THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The Government moves for all discovery to which it is entitled under Fed. R. Crim. P. 16(b) and 26.2.

## IV.

## CONCLUSION

For the above stated reasons, the Government respectfully

requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

DATED: August 24, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Anne Perry
Anne Kristina Perry
Assistant U.S. Attorney
anne.perry2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRO TAPIA-TENA,<br>Defendant. | ) | Case No. 08cr2425 BTM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Anne Kristina Perry, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response in Opposition to Defendant's Motion to Compel Discovery on BRIAN FUNK, Esq., by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies him

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2008

s/Anne Perry
ANNE KRISTINA PERRY
Assistant U.S. Attorney
Anne.Perry2@usdoj.gov